IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA   :        CIVIL ACTION

                :

       v.               :

                :

MELTON WERTS (WERTZ)       :        No. 10-4935

## **MEMORANDUM AND ORDER**

AND NOW, this 3rd day of November, 2010, upon consideration of the

presumptive pro se petition for writ of habeas corpus (Doc. No. 3) presumably filed

pursuant to 28 U.S.C. § 2254 by Melton Werts ("Werts"), the court makes the following

findings and conclusions:

      1.      On September 21, 2010, Werts, an individual currently incarcerated at the House of Correction in Philadelphia, Pennsylvania, filed a form of petition for release from custody pursuant to § 2254 along with an application to proceed in forma pauperis.[1] (Doc. Nos. 1, 3).

      2.      Werts' habeas petition form was filed pro se; therefore, it should be held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972); Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Construing the petition liberally, this court concludes that Werts fails to present any claim upon which this court may grant relief. Indeed, his claims are factually and legally unintelligible.[2]

---

[1] On September 29, 2010, I ordered Werts to submit his habeas petition on the required current standard § 2254 form prescribed by this court. (Doc. No. 2). Werts submitted the completed habeas form and in forma pauperis application on October 26, 2010. (Doc. No. 3). In doing so, Werts failed to properly complete his application to proceed in forma pauperis because he failed to submit the required signature of an authorized prison official certifying the funds in his prison account.

[2] I note that on August 30, 2010, the Honorable John P. Fullam, United States District Court Judge for the Eastern District of Pennsylvania, dismissed a pro se civil action filed by Werts, in part, because "reasonable efforts to decipher the nature of the claims . . . failed to produce an understanding of the harm alleged or the relief sought." In Re Wertz, C.A. No. 10-

Moreover, it is not apparent that Werts is even seeking habeas relief because he fails to delineate a specific constitutional violation stemming from his incarceration pursuant to a state court conviction.[3]   Accordingly, because this petition presents no arguable legal issue, I will dismiss it without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts.  28 U.S.C. foll. § 2254.[4]

Based upon the foregoing, it is hereby **ORDERED** that:

1.      Werts' apparent Petition for a Writ of Habeas Corpus and motion to proceed in forma pauperis are **DISMISSED WITHOUT PREJUDICE;** and

2.      The Clerk of Court shall notify Petitioner and Respondent of the action of this Court, see Rule 4, supra, and close this matter.

_/s/ Lowell A. Reed_
LOWELL A. REED, JR., S.J.

---

4277 (Doc. #2).

[3]Pursuant to § 2254(a) "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States**."  28 U.S.C. § 2254(a) (emphasis added).

[4]The dismissal of this petition does not toll nor waive the federal statute of limitations. See 28 U.S.C. § 2244(d)(1).  If Werts were to refile a habeas petition and the court finds that the federal statute of limitations has run, his petition may be dismissed on those grounds.